1

2

3

4

5

6

7

**FILED**

**2008 SEP 10 PM 3:40**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JAMES L. HINES, | Civil No.   08-1529 WQH (AJB) |
| 12                        Petitioner, | |
| 13            v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| 14  BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, et al., | |
| 15                        Respondents. | |

16

17      Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

18  Corpus pursuant to 28 U.S.C. § 2254.

19            **FAILURE TO SATISFY FILING FEE REQUIREMENT**

20      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

21  pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee

22  or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.

23  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must

24  submit, **no later than November 2, 2008,** a copy of this Order with the $5.00 fee or with

25  adequate proof of his inability to pay the fee.

26            **FAILURE TO NAME A PROPER RESPONDENT**

27      Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On

28  federal habeas, a state prisoner must name the state officer having custody of him as the

K:\COMMON\EVERYONE_EFILE-PROSE\WQH\08cv1529-dismiss.wpd, 928                -1-

1  respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

2  U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the

3  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

4  institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

5       Here, Petitioner incorrectly named the "ATF," "DEA," "FBI," other federal agencies,

6  numerous federal officers and doctors as Respondents. In order for this Court to entertain the

7  Petition filed in this action, Petitioner must name the warden *currently* in charge of the state

8  correctional facility in which Petitioner is presently confined or the Director of the California

9  Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per

10  curiam).

11                    **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

12       In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition

13  "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the

14  petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058

15  (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner

16  made conclusory allegations instead of factual allegations showing that he was entitled to relief).

17  Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized

18  constitutional grounds for relief, he does fails to provide specific factual allegations in support

19  of such grounds.

20       While courts should liberally interpret pro se pleadings with leniency and understanding,

21  this should not place on the reviewing court the entire onus of ferreting out grounds for relief.

22  *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have

23  entire onus of creating federal claim for petitioner). The Court finds that the Petition contains

24  conclusory allegations which border on incoherent and are without any specific facts in support

25  of relief. A federal court may not entertain a petition that contains allegations which are

26  conclusory.

27       This Court would have to engage in a tenuous analysis in order to attempt to identify and

28  make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner

1  must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63,

2  75 n.7 (1977) (internal quotation marks omitted).  Facts must be stated, in the petition, with

3  sufficient detail to enable the Court to determine, from the face of the petition, whether further

4  habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

5  Moreover, the allegations should be sufficiently specific to permit the respondent to assert

6  appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

7  Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to

8  assert appropriate objections and defenses.

9       Due to Petitioner's unsatisfactory showing, the Court dismisses the action without

10  prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*

11  state all grounds for relief using the First Amended Petition form sent to Petitioner with this

12  order.

13  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

14       Further, habeas petitioners who wish to challenge either their state court conviction or the

15  length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

16  § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

17  remedies, a California state prisoner must present the California Supreme Court with a fair

18  opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

19  U.S.C. § 2254(b), (c); *Granberry,* 481 U.S. at 133-34. Moreover, to properly exhaust state court

20  remedies a petitioner must allege, in state court, how one or more of his or her federal rights

21  have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:

22  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

23  rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

24  United States Constitution." *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas

25  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

26  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

27  in federal court, but in state court." *Id.* at 366 (emphasis added).

28  / / /

1    Nowhere on the Petition does Petitioner allege that he raised his claims in the California

2    Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so

3    specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."

4    *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619

5    (4th Cir. 1998);  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997);  *Oyler v. Allenbrand*,

6    23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

7    Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

8    Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

9    of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

10   period shall run from the latest of:

11           (A) the date on which the judgment became final by the
     conclusion of direct review or the expiration of the time for seeking
12           such review;

13           (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of the
14           United States is removed, if the applicant was prevented from filing
     by such State action;

15

16           (C) the date on which the constitutional right asserted was
     initially recognized by the Supreme Court, if the right has been
17           newly recognized by the Supreme Court and made retroactively
     applicable to cases on collateral review; or

18           (D) the date on which the factual predicate of the claim or
     claims presented could have been discovered through the exercise
19           of due diligence.

20   28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

21   The statute of limitations does not run while a properly filed state habeas corpus petition

22   is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

23   *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

24   when its delivery and acceptance [by the appropriate court officer for placement into the record]

25   are in compliance with the applicable laws and rules governing filings.").  However, absent some

26   other basis for tolling, the statute of limitations does run while a federal habeas petition is

27   pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

28   / / /

1    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
2  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to
3  it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.
4  § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal
5  habeas relief because he has not alleged exhaustion of state court remedies.

6                                    **CONCLUSION**

7    Based on the foregoing, the Court **DISMISSES** the petition for failure to name a proper
8  respondent, failure to state cognizable claims for relief and failure to allege exhaustion. In order
9  to have this case reopened, Petitioner must both (1) pay the filing fee or provide adequate proof
10 o his inability to pay <u>and</u> (2) submit a First Amended Petition that cures the deficiencies outlined
11 above **no later than November 2, 2008**. *For Petitioner's convenience, the Clerk of Court shall*
12 *attach a blank First Amended Petition form and a blank Application to Proceed In Forma*
13 *Pauperis form to this Order.*

14    **IT IS SO ORDERED.**
15 DATED: _____9/16/08_____    _____
16                                           William Q. Hayes
                                    United States District Judge
17
18
19
20
21
22
23
24
25
26
27
28